**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JAYSON WEST,

    Plaintiff,

v.

LAKE STATE RAILWAY
COMPANY,

    Defendant.

Case No. 16-12626

Hon. Thomas L. Ludington
Magistrate Patricia T. Morris

_____/

| SOMMERS SCHWARTZ, P.C. | FLETCHER & SIPPEL, L.L.C. |
|---|---|
| Arvin J. Pearlman (P18743) | Janet H. Gilbert (Ill. 6186950) |
| Benjamin J. Wilensky (P75302) | Peter C. McLeod (P80422) |
| Attorneys for Plaintiff | Chloe G. Pedersen (Ill. 6294128) |
| One Towne Square, 17th Floor | Attorneys for Defendant |
| Southfield, MI 48076 | 29 N. Wacker Dr., Ste. 920 |
| (248) 355-0300 | Chicago, IL 60606-2832 |
| | (312) 252-1500 |

_____/

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND FOR SANCTIONS PURSUANT TO RULE 37**

NOW COMES the Plaintiff, JAYSON WEST, by and through his counsel, SOMMERS SCHWARTZ, P.C., and for his Motion to Compel Production of Documents and for Sanctions Pursuant to Rule 37 states as follows:

1.     This is an action brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, arising from serious injuries suffered by the Plaintiff during the course and scope of his railroad employment.

2. Defendant served its initial disclosures pursuant to Fed R. Civ. P. 26(a)(1) on September 28, 2016. In response to the requirement to disclose all documents which may be used to support its claim or defenses, Defendant "reserve[d] the right to withhold from disclosure any and all documents or things protected by the attorney-client privilege or attorney work product doctrine," <u>but did not provide a log of any allegedly privileged documents</u>. **Exhibit 1** at p. 4. It also produced 371 pages of documents it "believe[d] are likely to bear significantly on any claim or defense in this case that is relevant to Plaintiff's Complaint."

3. Plaintiff served his first requests for production of documents upon Defendant on September 29, 2016, and Defendant responded to those requests on October 27, 2016. In its response, Defendant lodged general objections "to the extent that they call for the production of documents protected from disclosure by the attorney client privilege," and "by the attorney-work product privilege." **Exhibit 2** at p. 1. <u>Again, Defendant did not provide a log of any allegedly privileged documents</u>.

4. Among the documents requested in Plaintiff's first requests for production of documents were "[c]opies of all accident reports with respect to the allegations in Plaintiff's Complaint." *Id.* at p. 3, Request 10. In response, Defendant did not lodge any objections or privileges beyond those asserted in its general objections. *Id.*

5. On May 9, 2017, Plaintiff took the deposition of Luke Jarvinen, Defendant's former Operating Practices Manager, and one of Plaintiff's supervisors. During the deposition, Mr. Jarvinen testified that he prepared a report in which, among other things, he asserted that Plaintiff had violated one or more of Defendant's safety rules during the course of the incident in which he was injured.[1]

6. Plaintiff's counsel asked Defendant's counsel whether she had seen this document before, as Plaintiff's counsel had not. Defendant's counsel responded that she had seen the document before, and that it was not produced because Defendant claims that it is privileged. Defendant's counsel did not specify which privilege she was asserting – and indeed, it is difficult to imagine what privilege could cover a disciplinary report prepared regarding Plaintiff's injuries.

7. Plaintiff's counsel asked why the existence of the document had never been disclosed on a privilege log. Defendant's counsel responded that discovery is not yet closed, and that <u>Defendant could choose when to supply a privilege log</u>.

8. Pursuant to Fed. R. Civ. P. 26(b)(5), a party withholding otherwise discoverable information as privileged or "trial-preparation material" must

---

[1] As Mr. Jarvinen's deposition was taken only yesterday, Plaintiff does not yet have a copy of the transcript. Undersigned counsel was present at the deposition. The relevant portions of the deposition transcript will be filed with the Court as soon as Plaintiff receives a copy of the transcript.

"expressly make the claim" of privilege, and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Thus, the Rule "requires a party withholding information on the basis of a privilege to provide sufficient information to enable evaluation of the claim." *SPX Corp. v. Bartec USA, LLC*, 247 F.R.D. 516, 527 (E.D. Mich. 2008) (Lawson, J.).

9. To meet the requirements of Rule 26(b)(5), "usually, assertions of privilege <u>are accompanied</u> by a document-by-document privilege log identifying the date, type, subject, author, addressees and other recipients for each document withheld and as to which a privilege is asserted." *United States v. Eaton Corp.*, 2012 U.S. Dist. LEXIS 115003, *17 (N.D. Ohio 2012) (**Exhibit 3**) (emphasis supplied); <u>see also</u> *SPX Corp*, 247 F.R.D. at 527.

10. As Defendant has totally failed to provide a privilege log, Plaintiff was completely unaware that Defendant was withholding <u>any</u> documents based upon a claim of privilege, until such withholding was fortuitously revealed at Mr. Jarvinen's deposition. <u>Indeed, the revelation that Defendant withheld Mr. Jarvinen's report begs the question whether any other documents have been withheld, what those documents are, and whether they are truly privileged.</u>

Defendant's failure to provide a privilege log precludes Plaintiff from discovering the answer to that question, which he is clearly entitled to have.

11. Needless to say, the failure to disclose that any documents were being withheld subject to privilege has precluded any determination as to whether Defendant's assertion of privilege is legitimate. This is particularly improper given that "[t]he burden of establishing the existence of the privilege rests with the [party] asserting it." *United States v. Dakota*, 197 F.3d 821 (6th Cir. 1999).

12. Fed. R. Civ. P. 34(b)(2)(B) requires a party responding to requests for production of documents to respond individually (including by objection) to "each item or category." See also E.D. Mich. L.R. 26.1 (providing that "the party answering, responding, or objecting to . . . requests for production of documents or things . . . shall either set forth the answer, response or objection in the space provided or shall quote each . . . request in full immediately preceding he statement of any answer, response, or objection thereto.")

13. Indeed, "boilerplate objections or blanket refusals inserted in a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington Northern & Santa Fe Ry. v. United States Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005); see also *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999) ("[T]he general objection that, for example, a request

for production of documents calls for the production of documents which are privileged is condemned as insufficient.").

14. Defendant's general objections, stated in blanket, boilerplate fashion at the beginning of its responses, were not sufficient to apprise Plaintiff that documents were being withheld in response to requests for any reports of plaintiff's injuries, <u>particularly given that Defendant made specific assertions of privilege in response to other requests.</u>  See **Exhibit 2** at p. 3, requests no. 9 and 11.

15. The withholding of a "privilege log may subject a party to sanctions under Rule 37(b)(2) and may be viewed by the court as a waiver of any privilege or protection." *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 20 (D.D.C. 2004) (citing Fed. R. Civ. P. 26 advisory committee's note; *Avery Dennison, supra*, 190 F.R.D. at 2).  Indeed, one district court found that a party waived its right to assert attorney-client privilege and work-production protections because they did not provide a privilege log until the plaintiff filed a motion to compel, and their responses only asserted general objections.  *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 668 (D. Kan. 2004); <u>see also</u> *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) ("A party seeking to assert the privilege must make a clear showing that it applies.  Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made.").

16. No legal basis exists for Defendant's assertion that it may provide a privilege log whenever it pleases. As stated previously, assertions of privilege should be "accompanied by" a privilege log in order to satisfy Rule 26(b)(5). *United States v. Eaton Corp.*, *supra*, 2012 U.S. Dist. LEXIS 115003 at *17 (**Exhibit 3**). Well over seven months have passed since Defendant served its initial Rule 26 disclosures, and well over six months have passed since Defendant served its responses to Plaintiff's requests for production of documents. <u>A privilege log has still not been provided to disclose and account for withheld documents</u>.

17. Under such circumstances, even if Defendant submitted a privilege log now, that action would be impermissibly untimely. <u>See</u> *Burlington Northern*, *supra*, 408 F.3d at 1149 ("[T]he district court found a waiver [of privilege] where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later. In the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal[.]" (emphasis in original)).

18. The factors set forth by the *Burlington Northern* court (stated in boldface type below) each favor a finding that Defendant's assertion of the privilege has been waived:

    a. **The degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where**

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

**providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient).** Given that Defendant has failed to identify documents it has withheld (let alone provide information sufficient to evaluate the assertion of privilege), and has only asserted boilerplate, blanket objections based on privilege, this factor clearly favors the waiver of Defendant's assertion of privilege.

b. **The timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient).** As stated previously, more than seven months have passed since Defendant originally asserted privilege, and no privilege log has been provided.

c. **The magnitude of the document production.** Plaintiff has no idea how many documents have been withheld by Defendant. However, the volume of document production in this case has been comparatively modest. This is certainly not a case where the Defendant was forced to sift through hundreds of thousands of documents in order to check for privilege.

    d. **Other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard.** To Plaintiff's knowledge, no such circumstances exist here.

19. Defendant's willful failure is all the more egregious and vexatious given that its sharp tactics have been exposed less than a week before the close of discovery on May 15, 2017 – and the Court has stated that "[n]o further extensions will be granted absent extraordinary circumstances." Dkt no. 15 at p. 3. <u>Absent action by the Court, Defendant's failure to meet its discovery obligations will result in the (perhaps intended) effect of denying Plaintiff an opportunity to fully discover his claims.</u>

20. Fed. R. Civ. P. 37(a)(5)(A) states that the Court "must" order the "party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff unsuccessfully sought concurrence in the relief requested in this motion before filing same, and no other circumstances are present which would render an award of expenses unjust.

21. In light of the foregoing, Plaintiff respectfully requests that the Court order that:

    a. Defendant's claims of privilege regarding all withheld documents are hereby waived, that Defendant must immediately produce

unredacted copies of all withheld documents, and that Defendant must certify under oath that all such withheld documents have been produced.

b. Plaintiff <u>only</u> is permitted additional discovery (including new or reopened depositions) based on information discovered in any previously-withheld documents.

c. In the lesser alternative, Plaintiff respectfully requests that the Court Order that Defendant immediately produce a privilege log of all withheld documents, and submit such documents for the Court to view *in camera* to determine whether the assertions of privilege are legitimate, and whether, at a minimum, redacted versions of such documents should be produced.

d. Plaintiff additionally requests, in either case, that the Court order that Defendant pay Plaintiff the fees and costs incurred in bringing

this Motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

        Respectfully submitted,

        SOMMERS SCHWARTZ, P.C.

By:  /s/ Benjamin J. Wilensky
     ARVIN J. PEARLMAN (P18743)
     BENJAMIN J. WILENSKY (P75302)
     Attorneys for Plaintiff
     One Towne Square, 17th Floor
     Southfield, MI 48076
     (248) 355-0300

Dated: May 10, 2017

Case 1:16-cv-12626-TLL-PTM ECF No. 18 filed 05/10/17 PageID.96 Page 11 of 12

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND/OR FOR SANCTIONS PURSUANT TO RULE 37

The facts and authorities in support of Plaintiff's Motion are contained within the Motion itself. Plaintiff relies upon that Motion, and respectfully requests that the Court grant the relief requested therein.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

By: /s/ Benjamin J. Wilensky
ARVIN J. PEARLMAN (P18743)
BENJAMIN J. WILENSKY (P75302)
Attorneys for Plaintiff
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300

Dated: May 10, 2017

## CERTIFICATE OF SERVICE

Julie A. Rymill hereby certifies that on this 10th day of May, 2017, she filed the foregoing document with the Clerk of the Court via the Court's ECF system, which will automatically serve the document upon all counsel of record.

/s/ Julie A. Rymill

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300